**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROGER CLARK                                                                                                       PLAINTIFF

V.                                              5:13CV00164-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roger Clark appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").  For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On July 14, 2010, Mr. Clark protectively filed for DIB due to a back injury and chronic back pain. (Tr. 165)  Mr. Clark's claims were denied initially and upon reconsideration.  At Mr. Clark's request, an Administrative Law Judge ("ALJ") held a hearing on July 14, 2011, and Mr. Clark appeared with his lawyer. (Tr. 26)  At the hearing, the ALJ heard testimony from Mr. Clark and a vocational expert ("VE"). (Tr. 27-53)

The ALJ issued a decision on December 29, 2011, finding that Mr. Clark was not disabled under the Act. (Tr. 13-21)  On April 5, 2013, the Appeals Council denied Mr. Clark's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Clark, who was 57 years old at the time of the hearing, has a high school education. (Tr. 30)  He has past relevant work experience as a plant superintendent. (Tr. 51)

## II.  DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Clark had not engaged in substantial gainful activity since July 1, 2009, and that he had the following severe impairments: degenerative disc disease of the lumbar spine. (Tr. 15) However, the ALJ found that Mr. Clark did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17)

According to the ALJ, Mr. Clark has the residual functional capacity ("RFC") to do a reduced range of light work. However, he should avoid ladders, ropes, climbing, squatting, reaching, kneeling, balancing and scaffolds. (Tr. 18)

After considering the VE's testimony, the ALJ determined that Mr. Clark could perform a significant number of other jobs existing in the national economy, and found that Mr. Clark was not disabled.

## III.  ANALYSIS

### A.  Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

**B.     Mr. Clark's Arguments for Reversal**

Mr. Clark asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Clark contends that the ALJ: (1) erred, at step 3, in determining the severity of Mr. Clark's impairment; and (2) erred in his credibility assessment. (Doc. No. 12)

1.     Step 3 Determination

Plaintiff contends that "the ALJ should have given greater attention to whether [he] did meet Listing 1.04" for Disorders of the Spine. (Doc. No. 12) He also argues that the ALJ's "cursory discussion of the Listings is not sufficient in light of the evidence of record, and constitutes reversible error." (*Id.*)

Plaintiff's argument that the ALJ should have given "greater attention" to Listing 1.04 is without merit. Notably, Plaintiff neither argues nor cites medical evidence establishing that he actually meets all of the requirements of Listing 1.04. The fact that the ALJ did not go over each requirement is a non-issue, especially given the fact that the lack of objective medical evidence supports the ALJ's conclusion that Plaintiff did not meet the listing requirements. For example, the listing requires, among several other things, "motor loss (atrophy with associated muscle weakness or muscle weakness" but the medical notes from June 2009 indicate "normal 5/5 strength and

function in . . . [the] upper and lower extremities." (Tr. 265)  Additionally, 1.04 requires "sensory or reflex loss," but the records reveal that his reflexes were normal.  In fact, the doctor determined that there was "evidence of degenerative changes only." (Tr. 266)  The listing also requires "positive straight-leg raising" but, on November 4, 2010, Plaintiff's straight leg raise was negative. (Tr. 323)  While Plaintiff may meet some of the requirements in the listing, he does not meet <u>all</u> of the requirements, so the ALJ did not err by not giving "greater attention" to the listing.

      2.      The ALJ's Credibility Finding

Plaintiff argues that the ALJ "failed to cite *Polaski* anywhere in his decision" and "only summarily touched on any facts pertaining to Mr. Clark's 'credibility.'" (Doc. No. 12)

First, though it is preferred that an ALJ cite *Polaski*, failing to cite the case is not error when the ALJ "cited the proper regulations and he correctly listed the relevant factors that should be considered in assessing the credibility of claimant's subjective complaints." *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).  Here, the ALJ considered Plaintiff's daily activities; the fact that Plaintiff did not quit his job because of his disability, but was laid off; and the fact that Plaintiff "receives relief with pain medication." (Tr. 16, 19, 32, 227)  Also worth noting is that in July 2009, Plaintiff reported that the "first injection helped significantly," but at the hearing he claimed the injections did not help. (Tr. 37, 268)

Second, the United States Court of Appeals for the Eighth Circuit has long recognized that "[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case." *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987).

4

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Clark's Complaint is dismissed with prejudice.

IT IS SO ORDERED, this 23rd day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE